| | |
|---|---|
| 1 | ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney |
| 2 | PAMELA T. JOHANN (CABN 411558)<br>Chief, Civil Division |
| 3 | VALERIE E. SMITH (NYRN 5112164)<br>Assistant United States Attorney |
| 4 | |
| 5 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495 |
| 6 | Telephone: 415-436-6985<br>Facsimile: 415-436-6748 |
| 7 | Valerie.smith2@usdoj.gov |
| 8 | Attorneys for U.S. Department of Education |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| SHADI GHAFFARIAN, | ) | Case No. 23-41513-WJL |
| Debtor, | ) ) | Adversary Proceeding<br>Chapter 7 |
| | ) ) | |
| SHADI GHAFFARIAN, | ) ) | **STIPULATED REQUEST FOR ENTRY OF JUDGMENT FOR PARTIAL DISCHARGE OF DEBTOR'S STUDENT LOANS** |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Proc. No.: 24-04005 - WJL |
| U.S. DEPARTMENT OF EDUCATION, | ) ) | |
| Defendant. | ) ) ) | |

Pursuant to Federal Rule of Civil Procedure 54(b), Federal Rule of Bankruptcy Procedure 7054(a), Bankruptcy Local Rule 1001-2(a), and Civil Local Rule 7-12, Debtor/Plaintiff Shadi Ghaffarian ("Debtor") and Defendant, the United States of America, on behalf of the U.S. Department of Education ("USDOE"), submit this stipulated request for entry of judgment ("Stipulated Judgment")_discharging the student loan debt owed by Debtor to USDOE that is the subject of the above-captioned adversary proceeding. This stipulation is based on the following:

STIPULATED REQUEST FOR ENTRY OF JUDGMENT PARTIALLY DISCHARGING DEBT
Case No. 24-04005-WJL  1

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157.

2. In 2023, Debtor filed an order for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

3. Thereafter, Debtor commenced this adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6), seeking to discharge Debtor's student loan debt pursuant to 11 U.S.C. § 523(a)(8).

4. Debtor filed her Complaint (Dkt. No. 1) against Education and Nelnet Servicing LLC ("Nelnet"). Nelnet has not appeared in this case; instead, since Debtor's two federal student loans are held by Education, the United States is the proper defendant in this adversary proceeding.

5. During this proceeding, Debtor submitted an Attestation for the United States' consideration pursuant to the "Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation" issued by the U.S. Department of Justice, in coordination with the U.S. Department of Education, (the "Guidance").

6. During the Guidance process, the parties continued all litigation deadlines, including the United States' deadline to respond to Debtor's Amended Complaint, and stayed all formal discovery to see if the case could be resolved pursuant to the Guidance.

7. According to the information in Debtor's Attestation and Education's records, Debtor has five federal student loans held by Education, and the total indebtedness on these student loans was $51,975 in June 2024 (the "Education-held Student Loans").

8. The Education-held Student Loans constitute student loans made to Debtor under a program funded in whole or in part by a federal government unit within the meaning of § 523(a)(8).

9. Based on and in accordance with the Guidance, Debtor's Attestation detailed her current household income and expenses, explained Debtor's future earning prospects, and addressed Debtor's prior attempts to repay her student loan debt. Debtor also alleged that repayment of the Education-held Student Loans would cause an undue hardship for Debtor.

10. After reviewing Debtor's Attestation in accordance with the Guidance, the United States agrees that Debtor satisfies the criteria for a partial discharge of four of her Education-held Student Loans based on an undue hardship found in 11 U.S.C. § 523(a)(8).

11. For example, Debtor's allowable household expenses exceed her monthly household income, evidencing that Debtor cannot currently maintain a minimal standard of living for herself and dependents if she is forced to repay both of her Education-held Student Loans on the standard repayment terms. It appears that Debtor's inability to repay both her Education-held Student Loans will likely persist for a portion of the repayment period, and Debtor has made prior, good faith attempts to repay this debt in the past.

12. On the other hand, the United States believes that Debtor has the current and future ability to repay one of her Education-held Student Loans.

13. Based on the above, the United States and Debtor now desire to resolve, compromise, and settle her claims asserted in this adversary proceeding against Education or the United States, without further litigation, on the terms set forth below subject to the Court's approval.

14. Pursuant to 11 U.S.C. § 523(a)(8), Education agrees to discharge Debtor's Education-held Student Loans related to the University of Phoenix, which are identified as Loan 1, Loan 2, Loan 3, and Loan 4 ("Loans 1–4") on Debtor's National Student Loan Data System ("NSLDS") record. As of December 5, 2024, Debtor owed $38,569.58 in principal and interest on Loans 1–4.

15. Upon entry of the Stipulated Judgment by the Court, Education will adjust its records and all associated accounts to reflect that the total indebtedness owed by Debtor on Loans 1–4 in her NSLDS record is $0.

16. Education has not agreed and therefore Debtor is not receiving a discharge in this proceeding of the Direct Parent Plus loan held by Education and identified as Loan 5 on Debtor's NSLDS record. The balance owed on Loan 5 was $14,796.41 in principal and interest as of December 5, 2024, plus interest thereon in accordance with the loan documents and federal law. Debtor agrees to pay this nondischarged Loan 5 in accordance with the loan documents, federal law, and Education's regulations. Debtor further agrees that her Loan 5 identified on her NSLDS record is not impacted in any way whatsoever by this adversary proceeding or Debtor's bankruptcy filing; rather, Debtor shall reach out to her student loan servicer to address repayment of Loan 5 pursuant to the contract terms and any available repayment options. Any failure of Education or its contracted loan servicer to provide monthly reminder notices or receipts for payment of this nondischargeable Loan 5 shall not relieve Debtor of her

obligation and agreement to make timely monthly payments on this nondischargeable loan. Nothing in this Agreed Stipulation or the Agreed Judgment shall modify, alter, or waive Debtor's nondischargeable loan or require Education or its servicer to modify repayment of this nondischargeable loan except in accordance with federal law.

17. Debtor agrees to dismiss any claims against Nelnet arising under 11 U.S.C. § 523(a)(8).

18. Debtor agrees to accept the terms set forth in this Stipulated Judgment in full settlement and satisfaction of any and all claims, demands, and causes of action of any kind and nature whatsoever, arising from the same subject matter that gave rise to the adversary proceeding.

19. By entering into this Stipulated Judgment, Debtor releases, remises, and forever discharges the United States and Education, its agencies, servicers, agents, officers, employees, and counsel, past and present, from all claims or causes of action (including administrative claims) which Debtor, her heirs, agents, assigns, representatives, and Successors ever had, now have, or hereafter may have relating to Debtor's Education-held Student Loans, except for obligations arising in this Stipulated Judgment.

20. Debtor agrees that the United States and Education will retain any and all funds previously collected from or on behalf of Debtor related to her Education-held Student Loans. In addition, Debtor does not, will not, and shall not seek refund of any monies previously paid, voluntarily or through setoff, on the Education-held Student Loans.

21. Any and all tax consequences of the matters set forth in this Agreed Stipulation or the Agreed Judgment are the sole and exclusive responsibility of Debtor. The United States, Including Education, does not warrant or make any representation with respect to any tax consequences of this Stipulated Judgment.

22. This Stipulated Judgment is not in any way intended to be, and should not be construed as, an admission of liability or fault on the part of Education, its agents, servicers, servants, or employees, and it is specifically denied that they are liable to Debtor. This compromise is entered into for the purpose of settling disputed claims against the United States and Education only to avoid the expense of further litigation.

STIPULATED REQUEST FOR ENTRY OF JUDGMENT PARTIALLY DISCHARGING DEBT

23. Each party to the action will bear responsibility for its own costs and attorneys' fees in this matter, and Debtor waives any and all rights she may have to recover attorneys' fees and/or interest or costs under the Equal Access to Justice Act, the Bankruptcy Code, or any other legal or statutory predicate.

WHEREFORE, Debtor and Education respectfully request the Court enter the Stipulated Judgment tendered herewith and for any and all other relief to which the parties may be entitled.

DATED: December 13, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

~~DRAFT~~ /s/ Valerie E. Smith
VALERIE E. SMITH
Assistant United States Attorney

*Attorneys for the United States and the U.S. Department of Education*

DATED: December 13, 2024

Respectfully submitted,

~~DRAFT~~ /s/ Darya Druch
DARYA S. DRUCH

*Attorney for Plaintiff/Debtor*

STIPULATED REQUEST FOR ENTRY OF JUDGMENT PARTIALLY DISCHARGING DEBT